UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MELANIE J. BRYANT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:13CV16  HEA |
| | ) | |
| CAROLYN W. COLVIN[1] | ) | |
| Commissioner of Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's request for judicial review under

28 U.S.C. § 405(g) of the final decision of Defendant denying Plaintiff's

applications for Disability Insurance Benefits (DIB) under Title II of the Social

Security Act, 42 U.S.C. §§ 401, et seq and Supplemental Security Income (SSI)

under Title XVI, 42 U.S.C. §1381, et seq.  For the reasons set forth below, the

Court affirms the Commissioner's denial of Plaintiff's applications.

### Facts and Background

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on
February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure,
Carolyn W. Colvin should be substituted for Michael J. Astrue as the Defendant in
this suit. No further action needs to be taken to continue this suit by reason of the
last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

When Plaintiff appeared to testify at the hearing on September 12, 2011 she was 35 years old. The onset date of her disability is August 13, 2008. She testified to having a learning disorder and took special education classes when she was in school. Plaintiff has a twelfth grade education and training as a certified nurse's aide. She has previously worked as a cafeteria worker, a hostess/cashier at a restaurant, a cashier at a store, and a certified nurse's aide. At the time of the hearing she was working as a cafeteria worker for the Florissant-Ferguson school district. The ALJ found Plaintiff had the severe impairments of: learning disorder NOS.

During the September 12, 2011 hearing, Plaintiff, who has a twelfth grade education, appeared with counsel and testified that she lives in a residence with her mother. She cleans her room and washes at home, and generally helps out at home. She also testified that she pays her own bills and maintains insurance on her car. Plaintiff also testified that her aunt is her power of attorney to help her out with getting things done. She and her mother have differences and cannot get along on certain things.

A vocational expert, Ms. Gonzalez, also testified. The VE testified, in relation to an onset date of August 13, 2008, and in response to a hypothetical that Plaintiff could not perform a full range of work at all exertional levels of activity but no work which includes no more than infrequent handling of customer

complaints, no work in settings that includes constant/regular contact with the general public, and, limited to understanding, remembering and carrying out at least simple instructions and non-detailed tasks. The VE also concluded, from the hypothetical question, Plaintiff's residual functional capacity as noted.

Plaintiff's application for social security and supplemental security income benefits under Titles II, 42 U.S.C. §§ 401, et seq., and XVI of the Act, 42 U.S.C. § 1381, et seq., was denied on October 3, 2011 resulting from a hearing conducted on September 12, 2011. On or about October 24, 2011, Bryant timely filed a Request for Review of Hearing Decision. On November 6, 2012, the Appeals Council denied her Request for Review. Thus, the decision of the ALJ stands as the final decision of the Commissioner.

## Standard For Determining Disability

The Social Security Act defines as disabled a person who is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A); see also Hurd v. Astrue, 621 F.3d 734, 738 (8th Cir.2010). The impairment must be "of such severity that [the claimant] is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists

in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." 42 U.S.C. § 1382c(a)(3)(B).

A five-step regulatory framework is used to determine whether an individual claimant qualifies for disability benefits. 20 C.F.R. §§ 404.1520(a), 416.920(a); see also *McCoy v. Astrue*, 648 F.3d 605, 611 (8th Cir.2011) (discussing the five-step process). At Step One, the ALJ determines whether the claimant is currently engaging in "substantial gainful activity"; if so, then he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I); *McCoy*, 648 F.3d at 611. At Step Two, the ALJ determines whether the claimant has a severe impairment, which is "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities"; if the claimant does not have a severe impairment, he is not disabled. 20 C.F.R. §§ 404.1520(a) (4)(ii), 404.1520(c), 416.920(a)(4)(ii), 416.920(c); *McCoy*, 648 F.3d at 611.

At Step Three, the ALJ evaluates whether the claimant's impairment meets or equals one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "listings"). 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the claimant has such an impairment, the Commissioner will find the claimant disabled; if not, the ALJ proceeds with the rest of the five-step process. 20 C.F.R. §§ 404.1520(d), 416.920(d); *McCoy*, 648 F.3d at 611.

Prior to Step Four, the ALJ must assess the claimant's "residual functional capacity" ("RFC"), which is "the most a claimant can do despite [his] limitations." *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir.2009) (citing 20 C.F.R. § 404.1545 (a)(1)); see also 20 C.F.R. §§ 404.1520(e), 416.920(e). At Step Four, the ALJ determines whether the claimant can return to his past relevant work, by comparing the claimant's RFC with the physical and mental demands of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f), 416.920(a)(4)(iv), 416.920(f); *McCoy,* 648 F.3d at 611. If the claimant can perform his past relevant work, he is not disabled; if the claimant cannot, the analysis proceeds to the next step. Id. At Step Five, the ALJ considers the claimant's RFC, age, education, and work experience to determine whether the claimant can make an adjustment to other work in the national economy; if the claimant cannot make an adjustment to other work, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *McCoy,* 648 F.3d at 611.

Through Step Four, the burden remains with the claimant to prove that he is disabled. *Moore*, 572 F.3d at 523. At Step Five, the burden shifts to the Commissioner to establish that the claimant maintains the RFC to perform a significant number of jobs within the national economy. *Id.; Brock v. Astrue*, 674 F.3d 1062, 1064 (8th Cir.2012).

**ALJ's Decision**

In the application of the five-step analysis, the ALJ in this case determined at Step One, that Plaintiff had not engaged in substantial gainful activity since August 13, 2008.  The ALJ found at Step Two that Plaintiff has a severe impairment of learning disability NOS.

At Step Three, the ALJ found that Plaintiff does not suffer from an impairment or combination of impairments of a severity that meets or medically equals the required severity of a listing in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520 (d), 404.1525, 404.1526, 416.920 (d), 416.925 and 416.926).

Prior to Step Four, the ALJ determined the RFC of Plaintiff to be as follows: to perform a full range of work at all exertional levels but with nonexertional limitations: no work which includes no more than infrequent handling of customer complaints, no work in settings that includes constant/regular contact with the general public, and, limited to understanding, remembering and carrying out at least simple instructions and non-detailed tasks..

At Step Four, the ALJ found she was unable to perform any past relevant work.

At Step Five, the ALJ found that Plaintiff could perform other work that existed in significant numbers in the national economy.  The ALJ, therefore, found Plaintiff not disabled, and denied the benefits sought in her Applications.

## Standard For Judicial Review

The Court's role in reviewing the Commissioner's decision is to determine whether the decision "'complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole.'" *Pate–Fires v. Astrue*, 564 F.3d 935, 942 (8th Cir.2009) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir.2008)). "Substantial evidence is 'less than preponderance, but enough that a reasonable mind might accept it as adequate to support a conclusion.' " *Renstrom v. Astrue*, 680 F.3d 1057, 1063 (8th Cir.2012) (quoting *Moore v. Astrue*, 572 F.3d 520, 522 (8th Cir.2009)). In determining whether substantial evidence supports the Commissioner's decision, the Court considers both evidence that supports that decision and evidence that detracts from that decision. *Id.* However, the court "'do[es] not reweigh the evidence presented to the ALJ, and [it] defer[s] to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence.'" Id. (quoting *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir.2006)). "If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision.'" *Partee v. Astrue*, 638 F.3d 860, 863 (8th Cir.2011) (quoting *Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir.2005)). The Court should disturb the administrative decision only if it falls

outside the available "zone of choice" of conclusions that a reasonable fact finder could have reached.  *Hacker v.Barnhart*,  459 F.3d 934, 936 (8th Cir.2006).

## Discussion

In her  appeal of the Commissioner's decision, Plaintiff makes the following arguments: (1) The ALJ failed to fully develop the record fairly and independently of her burden to prove her case in that the ALJ did not obtain opinion evidence from an examining source;  (2)  The ALJ failed to properly evaluate Plaintiff's credibility and subjective reports on her ability to work.

**The ALJ failed to fully develop the record fairly and independently of Plaintiff's burden to prove her case in that the ALJ did not obtain opinion evidence from an examining source.**

The ALJ considered the medical opinion evidence in formulating Plaintiff's RFC.  He discussed the state agency medical opinion, the weight he gave that opinion, and his reasons for doing so.  Plaintiff argues that the ALJ should have ordered a consultative examination.  The ALJ has a basic obligation to develop the medical record, but the claimant bears the burden of proving she is disabled and is responsible for producing evidence to support her claim. *See Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004).  Here, Plaintiff failed to submit any treatment notes or records from a medical provider regarding her mental condition. She ignored her burden and relied on the ALJ to obtain medical evidence that would prove or disprove her claim. Plaintiff conceded that she failed to submit any

medical evidence in support of her alleged mental impairment, and chose instead to rely on the ALJ to order a psychological consultative examination. See Pl.'s Br. at 4.

Dr. Kresheck reviewed Plaintiff's function report and her intellectual testing results before concluding that Plaintiff had mild limitations in the areas of activities of daily living and social functioning; moderate limitations in maintaining concentration, persistence, or pace; and no episodes of decompensation (Tr. 52). These opinions are consistent with the record, which shows that Plaintiff attended special education classes, but held several jobs after she graduated from high school (Tr. 26-30, 259-60, 265, 284). *See Young v. Astrue*, No. 10-3442, 2011 WL 6812153, at *12 (W.D. Mo. Dec. 27, 2011) (finding that plaintiff's ability to maintain part-time work indicated that she had greater than subaverage intellectual functioning). Plaintiff had a valid IQ of 82 when she was tested at age 17, but her IQ score alone did not prove disabling mental limitations (Tr. 236). Moreover, Plaintiff reported no problems with her personal care (Tr. 306). She could prepare simple meals, perform household chores, drive, shop, manage her financial affairs, and participate in church activities frequently (Tr. 33-35, 306-09). The evidence in the record supported Dr. Kresheck's opinion and the record contained enough evidence to permit the ALJ to reach an informed decision. *Haley v. Massanari*, 258 F.3d 742, 749-50 (8th Cir. 2001) (ALJ did not err by

failing to order a consultative examination because "there was substantial evidence in the record to allow the ALJ to make an informed decision"); *Anderson v. Shalala*, 51 F.3d 777, 779 (8th Cir. 1995) (stating that an ALJ is permitted to issue a decision without obtaining additional medical evidence if other evidence in the record provides a sufficient basis for the ALJ's decision); see also 20 C.F.R. §§ 404.1520b(c), 416.920(c) (stating that the ALJ may order a consultative examination if there is insufficient evidence to determine disability). The ALJ determined the Plaintiff's RFC based on all the credible evidence of record.

Plaintiff claims the ALJ did not act fairly at the administrative hearing. Specifically, Plaintiff claims that the hearing was unusually short, that the ALJ interrupted her testimony several times, and that he advised Plaintiff's counsel to "wrap it up." Plaintiff bears a heavy burden to show that the ALJ was biased. A claim of bias against an administrative adjudicator must overcome the "presumption of honesty and integrity in adjudicators." *Isom v. Schweiker*, 711 F. 2d 88, 90 (8th Cir. 1983) (*citing Withrow v. Larkin*, 421 U.S. 35, 47 (1975)). The Eighth Circuit has held a court may presume an ALJ properly discharged his duties. *Wilburn v. Astrue*, 626 F.3d 999, 1003-04 (8th Cir. 2010) ("At the supplemental hearing, ALJ Bock explained he would listen to the testimony from the first hearing prior to making his decision. We presume ALJ Bock properly discharged his official duties and did in fact review the testimony.") (*internal*

*citations omitte*d); *cf. Jensen v. County of Sonoma*, No. C-08-3440, 2010 WL 2330384, at *15 (N.D. Cal. June 4, 2010) (noting that hearing officers have "discretion to make rulings, limit excessive or repetitive testimony, to interject questions of witnesses and to allow cross examination 'if he or she deems it in the interest of justice to do so' . . . Plaintiffs' arguments amount to a claim that the hearing was not conducted exactly as he would have conducted it. Nothing in the record indicates that they were prevented from presenting their case, denied the opportunity to present evidence, put on witnesses, or to cross-examine witnesses for the Defendant.").  This position of Plaintiff is unsupported in law and the reord.

**The ALJ failed to properly evaluate Plaintiff's credibility and subjective reports on her ability to work.**

Plaintiff claims that the ALJ improperly discounted her credibility and her subjective reports relating to her ability to work in forming/developing her RFC. When making his RFC finding, the ALJ acknowledged that Plaintiff's mental impairment could reasonably be expected to cause some of her alleged symptoms (Tr. 15).  However, after considering all the evidence, the ALJ found that Plaintiff's statements regarding the intensity, persistence, and limiting effects of those symptoms were not credible (Tr. 15).

In explaining this finding, the ALJ noted that Plaintiff did not seek regular treatment for her mental condition (Tr. 15). Generally, an ALJ may consider the claimant's minimal treatment in determining credibility. See 20 C.F.R. §§ 404.1529(c)(3)(v), 416.929(c)(3)(v) (the agency will consider the claimant's treatment when evaluating her symptoms); *Edwards v. Barnhart*, 314 F.3d 964, 967 (8th Cir. 2003) (infrequent treatment is inconsistent with the claimant's alleged limitations); *also Dukes v. Barnhart*, 436 F.3d 923, 928 (8th Cir. 2006) (upholding an ALJ's determination a claimant lacked credibility due in part to "absence of hospitalizations . . . , limited treatment of symptoms, [and] failure to diligently seek medical care"). Here, there are no medical records documenting whether Plaintiff received treatment for her alleged mental problems (Tr. 15). The only medical evidence that Plaintiff submitted for the hearing were gynecological records (Tr. 329-39). The fact that Plaintiff received no treatment for her alleged mental impairment suggested that her condition was not as severe as alleged. *See Page v. Astrue*, 484 F.3d 1040, 1044 (8th Cir. 2007) (affirming ALJ's determination that mental issues were not severe where claimant sought very limited treatment).

Plaintiff's lack of treatment and her failure to produce any medical evidence to support her claim of disabling mental limitations is especially problematic in that it is the Plaintiff's responsibility to provide medical evidence to show that she

is disabled. See 20 C.F.R. §§ 404.1512, 416.912; *see also Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987) (it is the claimant's burden to show that her impairment is one that is conclusively presumed to be disabling). The burden of persuasion to prove disability remains on the claimant at all times. *See Vossen v. Astrue*, 612 F.3d 1011, 1016 (8th Cir. 2010) (*citing Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004)).

The ALJ noted that Plaintiff was able to work in spite of her long standing history of mental problems (Tr. 15). Generally, a claimant's allegations of disabling pain or other subjective symptoms may be discredited by evidence of employment. See 20 C.F.R. §§ 404.1571, 416.971 ("Even if the work you have done was not substantial gainful activity, it may show that you are able to do more work than you actually did."); see also Goff, 421 F.3d at 792 ("The fact that Goff worked with the impairments for over three years after her strokes, coupled with the absence of evidence of significant deterioration, demonstrate the impairments are not disabling in the present."). Even work performed on a part-time basis or with considerable difficulty in spite of limitations still demonstrates an ability to perform substantial gainful activity. *See Browning v. Sullivan*, 958 F.2d 817, 823 (8th Cir. 1992); *Beasley v. Califano*, 608 F.2d 1163, 1165-66 (8th Cir. 1979). Here, Plaintiff continued to work on a part-time basis for six years despite her alleged

mental impairments (Tr. 15, 26, 31). Such evidence does not suggest that Plaintiff's mental condition was as severe as alleged (Tr. 15).

In further consideration of the evidence, the ALJ found that Plaintiff's alleged limitations were inconsistent with her documented activities (Tr. 15, 33-35, 305-15). The ALJ may consider the nature of a claimant's activities when evaluating credibility. *See Johnson v. Apfel*, 240 F.3d 1145, 1148 (8th Cir. 2001) (activities which are inconsistent with a claimant's assertion of disability reflect negatively upon that claimant's credibility).

Plaintiff's function report indicated that she attended to her own personal care, prepared simple meals, and performed household chores such as sweeping, mopping, doing the dishes, and taking out the trash (Tr. 306-07). While Plaintiff claimed to have problems getting along with people, she was active in her church, went shopping, and sang in the church choir (Tr. 33, 308-09). Despite her claim of problems understanding and following instructions, she had no difficulty paying her car insurance, credit card bills, life insurance premiums, or cell phone bill.

There is some other evidence that is supportive of supports the ALJ's credibility finding. Plaintiff's function reports indicated, "I am willing to work and I am working as much as I can, but I don't make enough to live independently and support myself" (Tr. 315). She also said her mother was in poor health and that

she needed a "dependable income" in the event her mother was no longer able to support her (Tr. 315). These statements are suggestive that Plaintiff's motive in obtaining disability was for financial gain and not because she is in fact disabled. *Eichelberger v. Barnhart*, 390 F.3d 584, 590 (8th Cir. 2004) (finding that the claimant had objectively determinable impairments, but also noting that her incentive to work might be inhibited by her financial gain in the form of a long-term disability check of $1,700 per month).

The ALJ's findings were clearly based upon the substantial evidence on the record as a whole. The ALJ summarized Plaintiff's testimony regarding her limitations, the medical evidence in the record, and made specific credibility findings. The ALJ applied the proper standard to the facts and the determination of Plaintiff's RFC is supported by the record as a whole.

## Conclusion

After careful review, the Court finds the ALJ's decision is supported by substantial evidence on the record as a whole. The decision will be affirmed.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner of Social

Security is affirmed.

A separate judgment in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 18th day of  February , 2014.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE